# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DANIEL PORTLEY-HANKS (6),<br>Defendant. | CRIM CASE NO. 15cr2310WQH<br>CIVIL CASE NO. 18cv343WQH<br>**ORDER** |

HAYES, Judge:

This matter before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255. (ECF No. 863).

On December 27, 2016, Defendant entered a plea of guilty to an Information charging him with a single Count of Hobbs Act Extortion in violation of 18 U.S.C. § 1951. The guilty plea was entered pursuant to a written plea agreement between the Defendant and the Plaintiff United States. (ECF No. 536). The plea stated that "the crime to which defendant is pleading carries the following penalties: A. a maximum of twenty years in prison..." *Id.* at 4. Defendant appeared before the Magistrate Judge and entered his plea. The Magistrate Judge found the plea was knowing and voluntary. This Court accepted the plea. (ECF No. 573).

On February 7, 2017, the probation office prepared a presentence report. The report concluded that the total offense level was 17 and the Criminal History Score was I, resulting in an applicable sentencing guideline range of 24-30 months. (ECF No. 606).

On July 24, 2017, this Court held a sentencing hearing and entered a judgment sentencing the Defendant to be imprisoned for a term of 16 months in the custody of

the Bureau of Prisons. (ECF No. 743).

On February 13, 2018, Petitioner, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 863). Petitioner alleged that he received ineffective assistance of counsel on the grounds that (1) the failure of his to advise him that working with the prosecution in the pre-trial and plea bargaining phase caused him prejudice, and 2) his counsel failed to secure a two level reduction for safety valve. The Government opposes the motion on the grounds that defense counsel's performance was well within the bounds of prevailing norms and that Defendant suffered no prejudice from any aspect of the representation of his counsel.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

## RULING OF THE COURT

**Waiver of Appeal**

In exchange for the Government's concessions in the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant also knowingly and voluntarily waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the total statutory maximum for the offense of conviction." (ECF No. 536 at 11). This waiver is clear, express and unequivocal. Plea agreements are

contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005).

The Court imposed a sentence of 16 months. This sentence was not "above the total statutory maximum for the offense of conviction" of twenty years. (ECF No. 536 at 11). Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed "except a post-conviction collateral attack based on a claim of ineffective assistance of counsel." *Id.*

**Ineffective assistance of Counsel**

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 688, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). To prevail on the prejudice prong of a claim of ineffective assistance of counsel, the defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 69.

In this case, Defendant asserts that his counsel failed to object to information in the presentence report and failed to secure a two level reduction for safety valve. Defendant has not identified any information that defense counsel failed to bring to the attention of the Court at the time of sentencing. The Court confirmed that the defense counsel had reviewed the presentence report with the Defendant. Defendant was given an opportunity to address the Court and did not identify any complaints with the presentence report or with his representation. The sentence of 16 months imposed by

the Court was under the applicable sentencing guidelines range of 24-30 months and took into consideration all facts set forth by all parties.[1]

The Court concludes that the performance of defense counsel was well within the bounds of prevailing professional norms and that Defendant has demonstrated no prejudice from any aspect of the representation.

IT IS HEREBY ORDERED that Defendant's Motion pursuant to 28 U.S.C. § 2255 (ECF No. 863) is denied. The Clerk shall enter judgment in favor of Plaintiff United States and against Defendant.

DATED: May 4, 2018

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[1] Even with two points for safety valve, the total offense level would have been 15 and the applicable sentencing guideline range 18-24 months.